UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUCINDA COOK, | ) |
| Plaintiff, | ) Case No. 06 C 376 |
| v. | ) Hon. Mark Filip |
| RIVER OAKS HYUNDAI, INC., | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO STAY PENDING ARBITRATION

Plaintiff, Lucinda Cook ("Cook"), is suing Defendant, River Oaks Hyundai, Inc. ("River Oaks"), for alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, Regulation Z, and the Illinois Consumer Fraud Act, 815 ILCS 505/2, arising from her purchase of an automobile from River Oaks. (D.E. 1.) River Oaks denies these allegations and moves to stay the proceedings pending arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3 (2005), and the Illinois Uniform Arbitration Act ("IUAA"), 710 ILCS 5/2 (2005). (D.E. 12.) River Oaks argues that the parties entered a binding arbitration agreement ("Arbitration Agreement") as part of the overall purchase order agreement ("Purchase Order Agreement") for the vehicle. (*See id.* at 1.) For the reasons set forth below, the Court grants River Oaks' Motion to stay pending arbitration.

ANALYSIS

The FAA requires courts to enforce valid arbitration agreements. *See, e.g.*, 9 U.S.C. §§ 2-3; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). In evaluating

an arbitration motion, a court must determine whether the parties entered a valid and enforceable arbitration agreement and, if so, whether the present claims fall within the scope of that agreement. *See, e.g., Falbe v. Dell*, No. 04 C 1425, 2004 WL 1588243, at *2 (N.D. Ill. July 14, 2004) (Grady, J.) (citing *AT&T Techs., Inc. v. Comm. Workers of Am.*, 475 U.S. 643, 649 (1986)). Although the FAA governs the enforcement, validity, and interpretation of arbitration clauses in commercial contracts in both state and federal courts—*see, e.g., Jain v. Mere*, 51 F.3d 686, 688 (7th Cir. 1995) (collecting cases)—federal courts should look to the state law governing contract formation. *See Gibson v. Neighborhood Health Clinics, Inc.*, 121 F.3d 1126, 1130 (7th Cir. 1997) (collecting cases); *accord, e.g., Corbett v. DRH Cambridge Homes, Inc.*, No. 04 C 3344, 2005 WL 1838456, at *2 (N.D. Ill. July 26, 2004) (Leinenweber, J.). The parties agree that Illinois law governs the formation of the agreement. The parties also agree that the current dispute falls within the scope of the Arbitration Agreement; the only issue is whether the Arbitration Agreement is supported by valid consideration.

An arbitration agreement is a contract, and thus, it must be supported by valid consideration. *See, e.g., Gibson*, 121 F.3d at 1130; *Vassilkovska v. Woodfield Nissan, Inc.*, 830 N.E.2d 619, 624 (Ill. Ct. App. 2005). Where an arbitration agreement is but part of a larger agreement, the consideration for the whole agreement is sufficient to support the subsidiary arbitration agreement, as well. *See, e.g., Gen'l Motors Acceptance Corp. v. Johnson*, 822 N.E.2d 30, 37 (Ill. App. Ct. 2004) ("[W]hile a mutual promise to arbitrate is sufficient consideration to support an arbitration agreement, that promise need not be equal where any other consideration for the contract, of which the agreement is part, exists.") (citations omitted); *Design Benefit Plans, Inc. v. Enright*, 940 F. Supp. 200, 205-06 (N.D. Ill. 1996) (Reinhard, J.); *Cossom v.*

*Montel Chevrolet, Inc.*, No. 04 C 3990, D.E. 7 (Order) at 2 (N.D. Ill. Sept. 13, 2004) (Holderman, J.). On the other hand, where the arbitration agreement is a stand-alone contract distinct from any larger agreement, it requires separate consideration. *See, e.g., Vassilkovska*, 830 N.E.2d at 625. For stand-alone arbitration agreements, "[o]ften, consideration for one party's promise to arbitrate is the other party's promise to do the same." *Gibson*, 121 F.3d at 1131 (collecting cases); *Corbett*, 2005 WL 1838456, at *2 (citing *Michalski v. Circuit City Stores, Inc.*, 177 F.3d 634, 637 (7th Cir. 1999)).

Precedent teaches that if only one party to a stand-alone arbitration agreement is bound to arbitrate its claims, and the other party is not required to arbitrate *any* claims, the supposed promise to arbitrate is illusory and does not constitute valid consideration. *See, e.g., Gonzalez v. West Suburban Imports, Inc.*, 411 F. Supp. 2d 970, 972 (N.D. Ill. 2006) (Leinenweber, J.) (citing *Vassilkovska*, 830 N.E.2d at 625). Nonetheless, the promises exchanged need not be identical or even equal to constitute sufficient consideration. *See, e.g., Jacobsen v. J.K. Pontiac GMC Truck, Inc.*, No. 01 C 4312, 2001 WL 1568817, at *4-5 (N.D. Ill. Dec. 10, 2001) (Pallmeyer, J.) (citing *Piehl v. Norwegian Old Peoples' Home Soc'y*, 469 N.E.2d 705, 706 (Ill. App. Ct. 1984)); *Bishop v. We Care Hair Dev.*, 738 N.E.2d 610, 622-23 (Ill. App. Ct. 2000) (citation omitted). Thus, so long as each party agrees to submit at least "some specified class of claims" to arbitration, their promises to arbitrate will constitute sufficient consideration for the agreement. *Truckenbrodt v. First Alliance Mortgage Co.*, No. 96 C 1822, 1996 WL 422150, at *2 (N.D. Ill. July 24, 1996) (Zagel, J.) (internal quotation marks and citation omitted). A party may also provide other consideration for the reciprocal party's promise to arbitrate, so long as the consideration in the transaction is not illusory. *See, e.g., Gen'l Motors Acceptance Corp.*, 822 N.E.2d at 37.

The parties do not dispute that there is adequate consideration for the Purchase Order Agreement as a whole. Instead, Cook argues that the Arbitration Agreement lacks valid consideration for two reasons: 1) because it is a stand-alone contract requiring consideration independent of the Purchase Order Agreement; and 2) because River Oaks' promise to arbitrate is illusory. (*See* D.E. 13 at 2-6.) Cook cites *Gonzales*, *supra*, and *Vassilkovska*, *supra*, to support her arguments. (*See id.*) The Court respectfully concludes that those cases do not carry the day for Ms. Cook.

Though, like the present matter, *Gonzales* and *Vassilkovska* involve contemporaneous arbitration agreements and purchase order agreements, those arbitration agreements were found to be stand-alone contracts. Analyzed as such, they were found to not be supported by the consideration for the distinct purchase order agreements. In contrast to the arbitration agreements at issue in those cases, here, the Arbitration Agreement expressly states, "<u>This Agreement is part of the purchase order for your Vehicle</u>." (*See* D.E. 12 at 5 (Ex. A) (underlining in original).) Illinois law permits incorporation by reference of documents in contracts, including arbitration agreements. *See, e.g., Wilson v. Wilson*, 577 N.E.2d 1323, 1329 (Ill. App. Ct. 1991) (teaching that contractual documents may be incorporated where the documents "show an intention to incorporate the document and make it part of the contract.") (citation omitted). The quoted text of the Arbitration Agreement reflects that it is part of the Purchase Order Agreement, under which substantial consideration changed hands. This language also indicates that the Arbitration Agreement is not a stand-alone contract; therefore, because it is a subsidiary agreement, the Arbitration Agreement is supported by the consideration for the Purchase Order Agreement. *See Gen'l Motors Acceptance Corp.*, 822 N.E.2d at 37 ("[W]hile a

4

mutual promise to arbitrate is sufficient consideration to support an arbitration agreement, that promise need not be equal where any other consideration for the contract, of which the agreement is part, exists.") (citations omitted); *accord, e.g., Tulic v. New Rogers Pontiac, Inc.*, No. 04 C 3729, D.E. 16 (Order) (N.D. Ill. Oct. 27, 2004) (Pallmeyer, J.) (incorporating and adopting reasoning of Judge Pallmeyer's decision in *Jacobsen*, 2001 WL 1568817, and granting motion to stay arbitration where language stating that "[t]his agreement is part of the purchase order for your Vehicle" appeared in the arbitration agreement); *Cossom*, No. 04 C 3990, D.E. 7 at 2 (granting motion to stay arbitration based on language in the arbitration agreement (D.E. 4 at 5) stating that "[t]his agreement is part of the purchase order for your Vehicle.").

Furthermore, and independently, even if the Arbitration Agreement were a stand-alone contract, it is supported by valid consideration, unlike the agreements in both *Gonzales* and *Vassilkovska*. In those cases, each defendant's promise to arbitrate was deemed illusory because the defendant failed to identify any claim related to the vehicle purchase that it would be compelled to arbitrate. *See Vassilkovska*, 830 N.E.2d at 627 ("Woodfield [the defendant auto dealer] was unable to provide us with a specific example, either in its brief or during questioning in oral argument, of a claim that it would be compelled to submit to arbitration pursuant to the Arbitration Agreement."). In contrast to that situation, River Oaks has identified several types of claims that it would be compelled to arbitrate. Such claims include certain putative actions alleging fraudulent inducement or misrepresentation by the consumer (*i.e.*, if the dealer was forced to buy back an installment contract from the finance company based on misrepresentations made by the consumer in his financing application), certain contract claims arising from the consumer's breach of purchase or sale, and certain claims relating to service contracts. (*See, e.g.,*

5

D.E. 22 at 4.) River Oaks has shown that it has promised to arbitrate "some specified class of claims," which is sufficient. *See Truckenbrodt*, 1996 WL 422150, at *2 (finding that "[s]ince the defendants must submit at least some legitimate claims to arbitration, consideration and mutuality exist."); *Jacobsen*, 2001 WL 1568817, at *5. Thus, River Oaks' promise to arbitrate is not illusory and constitutes valid consideration.

## CONCLUSION

For the foregoing reasons, River Oaks' Motion to Stay Pending Arbitration is granted. (D.E. 12.)

So ordered.

*Mark Filip*
Mark Filip
United States District Judge
Northern District of Illinois

Date: 4/5/06